

**MARC**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

McCusker · Anselmi
Rosen · Carvelli

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 · Fax: 973.635.6363
www.marc-law.com

BRUCE S. ROSEN
*Director*
Direct: 973.457.0123
Fax: 973.457.0276
brosen@marc-law.com

August 18, 2016

**VIA ECF**
Marcia M. Waldron, Clerk
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    **Janice Lee, et al. v. TMZ Productions Inc., et al.**
               **Case No.: 16-2736**

Dear Ms. Waldron:

      This firm represents the Daily News L.P., d/b/a the New York Daily News ("Daily News") an appellee in the above-referenced appeal. Pursuant to Third Circuit LAR 27.4 and IOP 10.6, the Daily News hereby moves for Summary Action affirming the Decision of the District Court's Opinion and Order below with prejudice, where upon the face of that Opinion and the filings below it clearly appears that no substantial question can be presented by this appeal, nor is there a subsequent precedent or a change in circumstances that would warrant a disposition on the merits.

      Briefly, this diversity matter involves the New Jersey fair report privilege under New Jersey libel law, which is among the broadest such privileges in the nation since the New Jersey Supreme Court's decision in <u>Salzano v. North Jersey Media Group Inc.</u>, 201 N.J. 500 (2000). As reflected in the decision below (D.N.J. 15-cv-234 (WJM) Document 40 filed 8/10/15) ("Opinion") attached hereto as Exhibit A, Appellant Janice Lee, a New Jersey resident, was erroneously charged on January 30, 2014 by the New York State Attorney General's Office ("NYAG") with involvement in an illicit drug and prostitution ring that catered to high end clientele. Id. at 1-2. Appellant was arrested and held for nearly a week before being released and it took additional time for the NYAG to realize the error and drop the charges against Appellant. Id. at 2.

      The NYAG held a press conference and issued a news release the same day Appellant was arrested. The Daily News wrote an online article that same day (well before Appellant was exonerated), which the District Court concluded "merely republishes statements that New York

Marcia M. Waldron, Clerk  August 18, 2016
Page 2

Attorney General Eric Schneiderman gave at the press conference." Id. at 6. "The article also accurately reports that Lee was arrested, notwithstanding the fact that the arrest was found to be made in error." Id.

The Complaint below claims that the Daily News article makes the following defamatory remarks about Appellant:

- "The prostitutes identified in court papers were no spring chickens. They ranged in age from 26 to 56 and four of them were in their 40s."
- "The ring specialized in 'party-packs,' where johns were enticed to buy cocaine and other drugs to go along with the sex."
- "The arrested prostitutes were Young Mi Lee, 40. . . and Janice Lee, 40."

Id.

According to the District Court, Lee contends the fair report privilege does not apply because portions of the article supposedly omit words like 'allege' or 'accuse." Id. at 7. The District Court rejected that argument based on Salzano's requirement that the news article must be viewed in its entirety as to whether it was a fair and accurate report of official information, in this case, information presented to the public by an official governmental agency, the NYAG, at a press conference. The District Court concluded that the Daily News article (along with other articles alleged to be defamatory by Appellant) "accurately convey[s] that Lee was arrested as part of a sting on a drug and prostitution ring." Id. The District Court then dismissed the ancillary torts of Infliction of Emotional Distress as well as other derivative claims because, as required by black letter law, such claims cannot stand if they are premised on the same conduct as a non-actionable defamation claim. Id. at 7-8.

Further, the District Court properly dismissed Lee's complaint with prejudice since any amendment would be futile. Appellant's claims failed as a matter of law on the undisputed facts, and not due to any lack of factual specificity. Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013), as amended (May 10, 2013). The facts rested on the alleged defamatory and false statements in the news article and every one of these statements was protected by fair report.

While defamation can sometimes involve difficult legal concepts, the Salzano decision is quite clear and offers no comfort whatsoever to Appellant. This Court has previously considered and issued dispositions in numerous matters involving defamation cases pursuant to the Summary Action rule. See, e.g. Marin v. Erie Times, 525 Fed.Appx. 74, 2013 WL 1984388 (May 13, 2013); DiGenova v. Baker, 212 Fed.Appx. 118 2007 WL 57166 (Jan. 9, 2007); Schneiller v. Philadelphia Newspapers, 636 Fed.Appx. 865 (January 19, 2016).

Marcia M. Waldron, Clerk  
Page 3

August 18, 2016

    In view of the black letter law concepts detailed by the District Court's Opinion and the need to preserve the media's limited resources, the Daily News respectfully requests that this Court grant this motion to dispense with merit briefing and decide this matter as a Summary Action.

                      Respectfully submitted,

                      /s/ Bruce S. Rosen  
                      Bruce S. Rosen

BSR/ckc  
Attachment  
cc: All counsel of Record (via ecf)